UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JAILENE RIVERA-CINTRON,

    Petitioner,

v.                                           Case No.  4:18cv360-RH-CJK

CRAIG E. COIL,
Warden, FCI Tallahassee

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1).[1] The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). The undersigned concludes that the petition should be dismissed for lack of jurisdiction.

## BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a federal inmate confined at the Federal Correctional Institution in Tallahassee, Florida. Petitioner is serving a sentence imposed by the United States

---

[1] This is petitioner's second § 2241 petition challenging her guilty plea. Her first petition was dismissed on April 13, 2018, for lack of jurisdiction because she failed to satisfy 28 U.S.C. § 2255(e)'s saving clause. *See Cintron v. Coil*, No. 4:17cv424-MW-CJK.

District Court for the District of Puerto Rico in *United States v. Rivera-Cintron*, Case Number 3:11cr572-CCC-2. (Doc. 1, p. 2). In Case No. 3:11cr572-CCC-2, petitioner was convicted, pursuant to her guilty plea, of carjacking resulting in death, and aiding and abetting, in violation of 18 U.S.C. § 2119(3) and 2. (Doc. 1, p. 2; *see also* Case No. 3:11cr572-CCC-2, Doc. 171 (plea agreement)). Petitioner was sentenced on July 17, 2015, to 180 months in prison followed by 5 years on supervised release. (*See* Case No. 3:11cr572-CCC-2, Doc. 228 (judgment)). Petitioner's § 2241 petition challenges her conviction and sentence on five grounds: (1) "Conviction obtained by action of Grand Jury which was unconstitutionally selected and impaneled"; (2) "Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea"; (3) "Denial of Effective Assistance of Counsel"; (4) "Lack of Subject Matter Jurisdiction" and (5) "Conviction being held in violation of a Supreme Court Decision (Sessions v. Dimaya, No. 15-1498)". (Doc. 1, pp. 3-5 and Attach.) (referring to *Sessions v. Dimaya*, 138 S. Ct. 1204 (Apr. 17, 2018)).

## DISCUSSION

Generally, the sole issue in a § 2241 action is the execution or carrying out of an initially valid confinement, as attacks on the validity of a conviction or sentence

must be asserted on direct review or in a motion filed under 28 U.S.C. § 2255.  *See United States v. Hayman*, 342 U.S. 205 (1952); *McCarthan v. Dir. v. Goodwill Indus. - Suncoast, Inc*., 851 F.3d 1076, 1081 (11th Cir.) ("Since 1948, Congress has required that a federal prisoner file a motion to vacate, 28 U.S.C. § 2255, instead of a petition for a writ of habeas corpus, *id*. § 2241, to collaterally attack the legality of his sentence."), *cert. denied*, 138 S. Ct. 502 (2017); *Broussard v. Lippman*, 643 F.2d 1131 (5th Cir. Unit A Apr. 27, 1981) ("Attacks on the underlying validity of a conviction must be brought under 28 U.S.C. § 2255, not 28 U.S.C. § 2241(c)."); *see also* 28 U.S.C. § 2255(a).

Section 2255(e) bars a § 2241 petition if the prisoner failed to seek, or was already denied relief on, a § 2255 motion, "unless it also appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e); *see also Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 n.1 (11th Cir. 2008) ("[A] § 2255 motion is the exclusive remedy for a federal prisoner to collaterally attack his conviction and sentence, except in the rare cases where it is inadequate to do so.").  The narrow exception to the § 2255(e) bar is called the "saving clause."  *McCarthan*, 851 F.3d at 1081-82.  "The applicability of the savings clause is a threshold jurisdictional issue. . . ."  *Williams v. Warden, Fed. Bureau of Prisons*, 713 F.3d 1332, 1337 (11th Cir. 2013); *see also Bryant v. Warden,*

*FCC Coleman-Medium*, 738 F.3d 1253, 1262-63 (11th Cir. 2013) ("Section 2255(e)'s language – 'shall not be entertained' – speaks 'in imperative terms regarding a district court's power to entertain a [§ 2241] claim,' and 'in enacting § 2255(e), Congress clearly restricted the subject-matter jurisdiction of the federal courts' over § 2241 petitions." (alteration in original) (*citing Williams*, 713 F.3d at 1340)). "The burden of demonstrating the inadequacy or ineffectiveness of the § 2255 remedy rests squarely on the petitioner." *Turner v. Warden Coleman FCI (Medium)*, 709 F.3d 1328, 1333 (11th Cir. 2013) (*citing McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979)).

Petitioner's claims attack the legality of her conviction and sentence. Petitioner did not directly appeal her criminal judgment, nor did she file a motion under 28 U.S.C. § 2255. (Doc. 1, p. 2). Instead, petitioner now attempts to seek relief under the "saving clause" of § 2255(e), after allowing her one-year limitations period to file a § 2255 motion to expire. Petitioner asserts that the remedy under § 2255 is inadequate or ineffective: "Petitioner challenges the execution of her sentence in violation of The Constitution and laws. Petitioner challenges the fact of confinement in light of new Supreme Court Findings. Proper vehicle to challenge this is 28 U.S.C. 2241." (Doc. 1, p. 3).

In *McCarthan*, the Eleventh Circuit, overruling prior circuit precedent, established a new test for determining when a prisoner can proceed under § 2241. *Id*. at 1082. The court held: "A motion to vacate is inadequate or ineffective to test the legality of a prisoner's detention only when it cannot remedy a particular kind of claim." *McCarthan* at 1099. The Eleventh Circuit recently summarized the new *McCarthan* test as follows:

> [W]e determined [in *McCarthan*] that the only relevant consideration is whether the prisoner would have been permitted to bring that type of claim in a § 2255 motion. If so, the § 2255 remedy is adequate and effective, even if the specific claim would have been foreclosed by circuit precedent or otherwise subject to some procedural bar or time limitation. A § 2255 motion is inadequate or ineffective to test the legality of a prisoner's detention under the saving clause only in limited circumstances. Those circumstances include: (1) when raising claims challenging the execution of the sentence, such as the deprivation of good-time credits or parole determinations; (2) when the sentencing court is unavailable, such as when the sentencing court itself has been dissolved; or (3) when practical considerations, such as multiple sentencing courts, might prevent a petitioner from filing a motion to vacate.

*Bernard v. FCC Coleman Warden*, 686 F. App'x 730, 730 (11th Cir. 2017) (*citing McCarthan* at 1085-1088), *cert. denied*, 138 S. Ct. 1164 (2018).

Petitioner does not satisfy the *McCarthan* test for proceeding under the saving clause. Petitioner's challenges to her guilty plea could have been brought in a § 2255 motion, regardless of the *Dimaya* decision. "[A] change in caselaw does not make a motion to vacate a prisoner's sentence inadequate or ineffective to test the legality

of [her] detention." *McCarthan*, 851 F.3d at 1080; *see also id.* at 1099 ("Even if a prisoner's claim fails under circuit precedent, a motion to vacate remains an adequate and effective remedy for a prisoner to raise the claim and attempt to persuade the court to change its precedent, and failing that, to seek certiorari in the Supreme Court."). Petitioner's failure to satisfy the saving clause requires dismissal of this case.

Accordingly, it is respectfully RECOMMENDED:

1. That the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (doc. 1), be DISMISSED for lack of jurisdiction, as petitioner has not demonstrated entitlement to proceed under § 2241.

2. That the clerk be directed to close the file.

At Pensacola, Florida this 28th day of August, 2018.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.